FILED IN
COURT OF CRIMINAL APPEALS

March 6, 2015

ABEL ACOSTA, CLERK

AP-77,055
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/6/2015 4:21:54 PM
Accepted 3/6/2015 4:29:01 PM
ABEL ACOSTA
CLERK

**No. AP-77,055**

# IN THE TEXAS COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

THE STATE OF TEXAS,
*Appellee,*

v.

RANDALL WAYNE MAYS
*Appellant.*

## ON APPEAL FROM THE DENIAL BY THE 392ND DISTRICT COURT OF HENDERSON COUNTY OF MAYS'S MOTION RE COMPETENCY TO BE EXECUTED (CODE OF CRIMINAL PROCEDURE ARTICLE 46.05) AND REQUEST FOR STAY OF EXECUTION

### REPLY BRIEF

**Execution Date: March 18, 2015**

BRAD D. LEVENSON (No. 24073411)
Director, Office of Capital Writs
(E-mail: Brad.Levenson@ocw.texas.gov)
JEREMY SCHEPERS (No. 24084578)
(E-Mail: Jeremy.Schepers@ocw.texas.gov)
DEREK VERHAGEN (No. 24090535)
(E-Mail: Derek.VerHagen@ocw.texas.gov)
Post-Conviction Attorneys
Office of Capital Writs
1700 N. Congress Avenue, Suite 460
Austin, Texas 78701
(512) 463-8600
(512) 463-8590 (fax)

Attorneys for Applicant

# ARGUMENT

Mays stands by his position that the appropriate standard of review for determining whether he has raised "substantial doubt" of his competency to be executed is *de novo* review by this Court. The State, in its response, has controverted this issue. Prior rulings by this Court inform the answer to the question of which is the correct standard of review at this stage. As this Court has explained:

> As a general rule, the appellate courts, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor.
>
> The appellate courts should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.
>
> The appellate courts may review de novo "mixed questions of law and fact" not falling within this category . . . . An abuse of discretion standard does not necessarily apply to "application of law to fact questions" whose resolution does not turn on an evaluation of credibility and demeanor.

*Green v. State*, 374 S.W.3d 434, 441 (Tex. Crim. App. 2012) (*citing Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). The question of whether Mays has met his threshold burden appears to be a mixed question of law and fact, which is subject to *de novo* review if it "does not turn on an evaluation of credibility and demeanor." *Id.*

1

Based on this Court's precedent, evaluations of credibility and demeanor are not appropriate at this threshold stage. This Court previously addressed the appellate standards applicable to this threshold determination in *Druery v. State*, 412 S.W.3d 523 (2013). In *Druery*, this Court repeatedly imposed limits on trial courts evaluating the credibility of evidence presented at the threshold stage. Trial courts cannot "resolv[e] disputed material facts" or weigh "conflicting credible evidence" at this stage. *Id.* at 537. If the trial court were to address such concerns, the defendant has already made his substantial showing. *Id.* at 541. Furthermore, the statute "does not contemplate an adversarial proceeding at the 'threshold' stage." *Id.* at 540. Thus, *Druery* contemplates that the appropriate standard of review regarding this threshold determination is *de novo* review as it should not involve credibility determinations.

The State relies on *Green* for the proposition that the correct standard of review is abuse of discretion. (State's Response at 19-21.) However, the decision in *Green* did not turn on what standard to apply to the trial court's threshold determination of substantial doubt, but instead to the final determination of the defendant's competency. *Green*, 374 S.W.3d at 441. Mays is not yet at that stage where the trial court is making a final determination of his competency. Certainly, at a final determination of May's competency, the trial court would be expected to

2

weigh competing evidence. However, such credibility determinations are not appropriate at this stage. *Druery*, 412 S.W.3d at 537. Instead, the trial court should merely be looking to see whether Mays had met his threshold burden, thereby triggering other provisions of Article 46.05. *Id.* at 542.

Mays believes that this Court's precedent should be interpreted as applying a *de novo* standard of review to the trial court's determination of whether he has made a substantial showing of incompetency under Article 46.05(f). Mays asks that this Court either grant the relief requested in his appeal—a stay of execution and a reversal of the trial court's threshold determination—or, in the alternative, stay his execution and grant the parties time to file additional briefing on the issue of what the appropriate standard of review is under Article 46.05(f).[1]

Respectfully submitted,

DATED: March 6, 2015     By _____
Brad D. Levenson
Post-Conviction Attorney

By _____
Jeremy Schepers
Post-Conviction Attorney

---

[1] As Mays is set to be executed in twelve days, he does not have sufficient time to file a lengthier reply to the State's response.

3

## CERTIFICATE OF SERVICE

I, the undersigned, declare and certify that I have served the foregoing Reply Brief upon:

Court of Criminal Appeals
P.O. Box 112308
Austin, Texas 78711

Henderson County District Attorney
Attn.: Scott McKee
109 West Corsicana
Suite 103
Athens, Texas 75751

Judge Carter Tarrance
392nd District Court
109 West Corsicana
Athens, Texas 75751

Randall Mays
TDCJ # 999535
TDCJ Polunsky Unit
3872 FM 350 South
Livingston, TX 77351

## CERTIFICATE OF COMPLIANCE

This brief is complies with the word limitations of TEX. R. APP. P. 9.4(i)(2) because the brief contains 700 words, excluding the exempt portions.

This certification is executed on March 6, 2015, at Austin, Texas.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Brad D. Levenson

4